**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES LEWIS TRIGGS,<br><br>Plaintiff,<br><br>vs.<br><br>201 POPLAR AVE. CRIMNAL JUSTICE SECOND FLOOR MED. 38103,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:22-cv-02420-SHM-tmp |

**ORDER DISMISSING THE CONSOLIDATED COMPLAINT WITHOUT PREJUDICE, DENYING MOTION TO APPOINT COUNSEL, AND GRANTING LEAVE TO AMEND**

On June 28, 2022, Plaintiff James Lewis Triggs filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) When Triggs filed the complaint, he was confined at the Shelby County Criminal Justice Center (the "SCCJC"), in Memphis, Tennessee. (*Id*. at PageID 2.) Triggs remains confined at the SCCJC. (*See* ECF No. 7-1 at PageID 29.) On June 29, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) filing fee in accordance with the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, et seq. (the "PLRA"). (ECF No. 4.) On July 22, 2022, Triggs filed a letter and grievance forms. (ECF No. 5.) On September 14, 2023, Triggs filed a second letter, which appears to be a copy of a letter meant for his defense counsel in the criminal case. (ECF No. 6.)

The Court CONSOLIDATES the filings at ECF Nos. 1 and 5 as the "Consolidated Complaint."

Triggs names the second floor medical unit at the SCCJC as the defendant. (ECF No. 1 at PageID 1-2.) He alleges that, on July 8, 2020, he complained of having pain in his lower

stomach, and he later discovered that "it was a hernia down between my legs." (*Id.* at PageID 2.) In March 2021, after seven or eight months of pain and "off and on hurting", Triggs was taken to Regional One Hospital ("the hospital") for surgery. (*Id.* at PageID 2.) About two weeks after surgery, "the doctor Mrs. Watson" called Triggs to the second floor medical unit and told him that the "[t]hey found something in my blood that look like cancer . . .." (*Id.*)

In June 2021, Triggs went back to the hospital for blood tests, and the doctor told him "soon as they found out what it was they would get in touch with" the SCCJC. (*Id.* at PageID 2-3.) Triggs asserts that the hospital contacted SCCJC with his blood test results in June or July of 2021 and requested tissue samples. (*Id.* at PageID 3.) Triggs alleges that the SCCJC medical unit did not get in touch with him until October 14, 2021. (*Id.* at PageID 3.) "The doctor Mrs. Watson was surprise[d] that I had not been sent to Regional Hospital to be seen by them to get sample of tissues cut from my body to see if it truly was cancer." (*Id.*) On March 9, 2022, Triggs was sent to the hospital "to be check[ed] out fully." (*Id.*) On March 31, 2022, Triggs was told he had prostate cancer. (*Id.*) Triggs alleges that "[t]hat they drop[ped] the ball on me by neglecting to send me to the Hospital after being in possession of that information that I need to be brought back "A.S.[A.]P." and that they let him sit in the cell for eight months knowing he had "a bad problem inside me."[1] (*Id.*) He claims that he received "no pill, no nothing" until February 12, 2022, when he received a pill for swelling. (*Id.* at PageID 3; *see* ECF No. 1-1 at PageID 4.)

On May 18, 2022, Triggs complained about the delay in treatment. (*Id.* at PageID 4.) He alleges that, "after I got on them[,] they fake like I had a[n] appointment to go to get surgery' on

[1] In an inmate grievance form dated April 19, 2022, Triggs asserts that his cancer was a four, on a scale of one to five, and that it required an operation as "quickly as possible." (ECF No. 1-2 at PageID 5.)

May 27, 2022. (*Id.*) When officers took him to the hospital that morning, Triggs was turned around and told that he did not have an appointment or a scheduled surgery. (*Id.*) Five or seven days later, he was told to get a COVID test so he could be sent for surgery. (*Id.*) Triggs alleges that "[t]hey was faking[,] buying time, cause 4 days after the f[ir]st test[,] they came[] back on" June 4, 2022, saying they lost the paperwork on the first COVID test and needed another test. (*Id.*)

Triggs claims that the head doctor at SCCJC's second floor medical unit told Triggs not to eat or drink after midnight on June 21, 2022, because he would be going to surgery on June 22, 2022, the following morning, but he was not sent for surgery. (ECF No. 5 at PageID 16.) Triggs said that he was taken off his blood thinners for three and a half months awaiting surgery. (*Id.* at PageID 16-17.) He asserts that he was on the blood thinners because of a vein transplant operation and that he suffered pain and swelling in his legs without the blood thinners. (*Id.* at PageID 17.) Triggs alleged that he had five COVID tests over three and a half months because he was told that he was going to surgery, but the surgery did not occur. (*Id.*)

Triggs seeks $250,000.00 for pain and suffering. (*Id.* at PageID 3.)

For the reasons explained below, the Consolidated Complaint (ECF Nos. 1) is DISMISSED WITHOUT PREJUDICE.

## I. SCREENING OF THE COMPLAINT

### A. Legal Standard

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot 'create a claim which [a plaintiff] has not spelled out

in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

**B. Requirements To State A Claim Under § 1983**

Triggs alleges claims under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1-3; ECF No. 1-1 at PageID 4; ECF No. 5.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

**C. Claims Against Medical, SCCJC & Shelby County**

The SCCJC's second floor medical unit is the only defendant.

Collective liability, i.e., when claims are brought against persons such as a departmental "staff," is not permitted under § 1983. Individual, personal involvement is required. A damages suit under § 1983 requires that a defendant acting under color of state law be personally involved in the alleged constitutional deprivation. *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 491 (6th Cir. 2020).

A group of people, such as a medical unit, are not a "person" subject to suit pursuant to § 1983. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that "medical departments are not 'persons' under § 1983"); *Arty v. Wilson Cnty. Jail*, No. 3:19-cv-00309, 2019 WL 4748321, at *2 (M.D. Tenn. Sept. 30, 2019 ("the Jail's correctional staff and medical staff are not corporate or political entities and are therefore not subject to suit under Section 1983") (internal citations omitted). Triggs makes general allegations about what "they"

did. (See ECF No.1 at PageID 2-3; ECF No. 1-1.)[2] He must identify the specific individuals who were responsible for the conduct he alleges.

When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Gray v. Weber*, 244 F. App'x 753, 754 (8th Cir. 2007) (affirming dismissal of inmate's § 1983 complaint alleging denial of medical care against Defendants identified "only collectively as 'medical staff'"); *see Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) ("The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions."). The Consolidated Complaint fails to state a claim for relief against the SCCJC's second floor medical unit.

Triggs' claims against the SCCJC second floor medical unit may be construed as a claim against the SCCJC. Under § 1983, a jail is not a "person" subject to suit. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) ("[T]he Shelby County Jail is not an entity subject to suit under § 1983"). Triggs' claims against the SCCJC fail as a matter of law.

Triggs' claims may be construed as claims against Shelby County, Tennessee (the "County"). *See Marbry*, 2000 WL 1720959, at *2. The County may be held liable only if Triggs' injuries were sustained pursuant to an unconstitutional custom or policy of the County. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691-92 (1978).

---

[2] Triggs notes his interactions with Mrs. Watson and the "head doctor" (*see* ECF No. 1 at PageID 1-2; ECF No. 5), but Triggs does not name these individuals as defendants. As to Mrs. Watson, Triggs says that she called to tell him that "they found something in my blood that look like cancer" and that she was surprised he had not been sent to Regional One Hospital for tissue samples. (*Id.* at PageID 2-3.) Triggs alleges that the "Head Doctor" told Triggs "not to [e]at nor [d]rink nothing after midnight indicating I would be going out in the morning (6-22-2002) to finally get my operation." (ECF No. 5 at PageID 16. ) Triggs does not allege misconduct by these individuals.

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Triggs does not allege that he has been deprived of a right because of a policy or custom of the County.

The Consolidated Complaint's claims, as construed against (1) the SCCJC's second floor medical unit, (2) the SCCJC, and (2) the County, are dismissed for failure to allege sufficient facts stating a claim to relief.

The Consolidated Complaint is DISMISSED WITHOUT PREJUDICE for failure to allege sufficient facts stating a claim to relief.

**D. Amendment Under The PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to

cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend under the conditions set forth below.

## II. CONCLUSION

For the reasons explained above:

A. The Consolidated Complaint (ECF No. 1, 5) is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

B. To the extent Triggs seeks appointment of counsel (*see* ECF No 1-1 at PageID 4), Triggs' request is DENIED as moot. This case will not proceed because the Consolidated Complaint fails to allege facts stating a claim to relief and Triggs has not yet filed an amendment.[3]

C. Leave to amend is GRANTED. An amended complaint must be filed within twenty-day (21) days of the date of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Triggs' claims. An amended complaint supersedes the Consolidated Complaint and must be

---

[3] Triggs may pursue appointment of counsel if he files an amended pleading.

complete in itself without reference to the prior pleadings. Triggs must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint. All claims alleged in an amended complaint must arise from the facts alleged in the Consolidated Complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Triggs fails to file an amended complaint within the time specified, the Court will dismiss the Consolidated Complaint with prejudice in its entirety and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

IT IS SO ORDERED this 17th day of May, 2024.

*/s/ Samuel H. Mays, Jr.*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE